SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

**In the Matter of Corey Corbo (A-72-17) (081005)**

**Argued January 14, 2019 -- Decided June 17, 2019**

**FERNANDEZ-VINA, J., writing for the Court.**

The Civil Service Commission (CSC), upholding an initial decision by an administrative law judge (ALJ), issued a final agency decision removing Officer Corey Corbo from the Union City Police Department (UCPD) because he ingested cocaine. At issue in this matter is the Appellate Division's decision to reverse the CSC's final determination without remand for further hearings on the admissibility of medical records. In other words, the Court considers not the substantive issues raised in this appeal, but only the remedy imposed.

Officer Corbo became gravely ill while at home with his girlfriend and colleague, Officer Jessica Garcia. Garcia called 9-1-1 and later admitted that Corbo had ingested cocaine five days earlier. The paramedics rushed Corbo to the hospital, where his laboratory results came back positive for cocaine. Relying on the hospital records, which included the positive lab results, and Garcia's statement about the cocaine, Union City terminated Corbo's employment with the UCPD.

Corbo filed an appeal with the CSC and the Office of Administrative Law (OAL), and an administrative hearing was held before an ALJ. The City offered both Garcia's statement and the hospital records into evidence, and the ALJ relied on both to reach her decision recommending Corbo's termination.

The Appellate Division reversed the decision removing Corbo from the UCPD, holding that the ALJ erred when she admitted the hospital records into evidence without first requiring the City to lay foundational testimony to satisfy the requirements of the business records hearsay exception. It also held that the City failed to establish the reliability of the lab results or to introduce other competent evidence at the hearing but did not remand for further evidentiary proceedings. That is the crux of this matter.

The City moved for reconsideration seeking a remand, but the Appellate Division denied the motion. The City then petitioned for certification only as to the Appellate Division's disposition of this case through reversal without remand for further fact finding. The Court granted its petition. 234 N.J. 1 (2018).

1

**HELD:**  The Court modifies the judgment of the Appellate Division and remands this matter to the OAL for further proceedings to allow the City the opportunity to demonstrate that the hospital records are admissible as business records, and the opportunity to present any other theories of admissibility.

1.  Case law demonstrates that the preferred remedy to rectify procedural errors at the administrative level is a remand.  Depriving a litigant of an opportunity to adjudicate its case on the merits runs counter to the well-established goals of the Court's jurisprudence. (pp. 10-12)

2.  The Appellate Division's remedy of reversing the ALJ's determination without remand prevents the City from arguing its case on the merits.  The preferred remedy to rectify procedural errors at the administrative level is to remand the matter to allow for further evidentiary findings.  (p. 12)

3.  The Court does not consider the underlying evidentiary issues raised in this case or disturb determinations as to those issues.  The Court makes no evidential rulings.  (p. 13)

**The remedy imposed by the Appellate Division is MODIFIED, and the matter is REMANDED to the Office of Administrative Law for further proceedings.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in JUSTICE FERNANDEZ-VINA'S opinion.  JUSTICE TIMPONE did not participate.**

In the Matter of Corey Corbo,
Union City Police Department.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
| --- | --- |
| January 14, 2019 | June 17, 2019 |

Andrew Gimigliano argued the cause for appellant Union City Police Department (O'Toole Scrivo Fernandez Weiner Van Lieu, attorneys; Andrew Gimigliano and Juan C. Fernandez, of counsel and on the briefs, and Kenneth B. Goodman, on the briefs).

Joshua M. Forsman argued the cause for respondent Corey Corbo (Caruso Smith Picini, attorneys; Steven J. Kaflowitz, on the brief).

JUSTICE FERNANDEZ-VINA delivered the opinion of the Court.

The Civil Service Commission (CSC), upholding an initial decision by an administrative law judge (ALJ), issued a final agency decision removing Officer Corey Corbo from the Union City Police Department (UCPD) because he ingested cocaine. At issue in this matter is the Appellate Division's decision to reverse the CSC's final determination without remand for further hearings on the admissibility of medical records. In other words, we consider

not the substantive issues raised in this appeal, but only the remedy imposed by the Appellate Division based on its resolution of those issues.

Officer Corbo became gravely ill while at home with his girlfriend and colleague, Officer Jessica Garcia. Garcia called 9-1-1 and later admitted that Corbo had ingested a "bump" of cocaine five days earlier. The paramedics rushed Corbo to the hospital, where his laboratory results came back positive for cocaine. Relying on the hospital records, which included the positive lab results, and Garcia's statement about the cocaine, Union City terminated Corbo's employment with the UCPD.

Corbo filed an appeal with the CSC and the Office of Administrative Law (OAL), and an administrative hearing was held before an ALJ. The City offered both Garcia's statement and the hospital records into evidence, and the ALJ relied on both to reach her decision recommending Corbo's termination.

The Appellate Division reversed, holding that the ALJ erred when she admitted the hospital records into evidence without first requiring the City to lay foundational testimony to satisfy the requirements of the business records hearsay exception. It also held that the City failed to establish the reliability of the lab results. Since no competent evidence was introduced at the ALJ hearing, the Appellate Division reversed the decision to remove Corbo.

The Appellate Division did not, however, order a remand for further evidentiary proceedings. That is the crux of this matter. While Corbo argues that the Appellate Division did not remand because it believed the City's case was built upon unreliable hearsay evidence, the City asks this Court to remand so that it will have the opportunity to adjudicate its case on the merits. We agree with the City. Accordingly, we do not disturb the Appellate Division's decision that the evidence relied on by the OAL was hearsay. We modify the remedy and remand this matter to the OAL to allow the City the opportunity to offer foundational testimony to establish the admissibility of the medical records.

I.

A.

On June 11, 2014, Officer Corey Corbo was at his home in Monroe Township with his girlfriend, Officer Jessica Garcia. Both were members of the UCPD. That day, Garcia called 9-1-1 because Corbo began convulsing and was struggling to breath. His lips were purple, and he had vomited on his chest. Emergency personnel arrived and immediately began CPR on Corbo.

Officer Jamey DiGrazio of the Monroe Township Police Department was dispatched to the scene after receiving a report of an unconscious unresponsive male. The emergency medical personnel already on the scene informed

3

DiGrazio that both Corbo and the reporting party, Garcia, were police officers. DiGrazio proceeded to talk with Garcia, who appeared "visibly upset," "worked up, anxious . . . [and] breathing more heavily." DiGrazio "told her that [Corbo's] health was failing fast" and he needed to know whether Corbo "had ingested anything that may help [the] paramedics give him better care." Garcia replied, "[Corbo] did a bump about five days ago." DiGrazio then asked, "A bump of what?" Garcia answered, "Cocaine." Garcia then asked DiGrazio not to tell anyone about the cocaine use, but he advised her that he could not make any promises because the medical personnel needed to know in order to possibly save Corbo's life. DiGrazio then informed the medical personnel of Corbo's alleged cocaine ingestion.

Corbo was taken to the Raritan Bay Medical Center (Raritan Bay) by ambulance for further treatment. Upon his admission, Raritan Bay collected a urine sample from Corbo and conducted a laboratory analysis of the sample for medical treatment purposes only. According to the hospital's laboratory results, Corbo's urine tested positive for the presence of cocaine, opiates, and benzodiazepine.

The Monroe Township Police Department notified the UCPD about the incident and provided DiGrazio's incident report. This triggered an internal investigation into Corbo's fitness for duty by the UCPD's Internal Affairs

4

Department (IAD). As part of its investigation, the IAD interviewed DiGrazio, ordered Corbo to turn over his medical records, and, once he had sufficiently recovered and was discharged from the hospital, interviewed Corbo in the presence of his attorney. The IAD ultimately recommended that the UCPD terminate Corbo's employment.

On June 30, 2014, the Chief of the UCPD suspended Corbo immediately without pay based on the internal investigation. The UCPD also served Corbo with a Preliminary Notice of Disciplinary Action, advising him of his removal on charges arising from his positive urine test for cocaine. The Preliminary Notice advised Corbo that he was removed from his position as a police officer, effective July 16, 2014. Following a disciplinary hearing, the UCPD served Corbo with a Final Notice of Disciplinary Action on February 10, 2015.

B.

1.

Corbo appealed his Final Notice by filing a Major Discipline Appeal Form with the CSC and the OAL. An administrative hearing was held before an ALJ, who affirmed the disciplinary action entered in the Final Notice, concluding that the City's decision was "supported by the preponderance of the credible evidence [in] its determination to remove [Corbo]." The ALJ determined that Officer Garcia's statement about Corbo's alleged ingestion of

5

the bump of cocaine was indeed hearsay, because neither party called her to testify at the hearing. However, the ALJ found Garcia's statement admissible under the excited utterance hearsay exception, N.J.R.E. 803(c)(2), because Garcia's statement related to a startling event -- Corbo's convulsions, his struggle for air, and his loss of consciousness -- and was made while Garcia was under the stress of excitement caused by seeing her boyfriend intubated and removed from the home by medical personnel.

Once the ALJ concluded "that Officer Garcia's statement constitute[d] admissible evidence as an exception to the general rule against hearsay," she relied on the residuum rule[1] to find that Garcia's excited utterance was foundational and competent evidence that was "supported by the hospital's objective and independent verification of a cocaine metabolite" in Corbo's system. The ALJ did not find it necessary to qualify the results of the hospital's drug screening test because it was an "independent hospital test" that was conducted "for medical lifesaving purposes," and it merely buttressed the "separate and voluntary statement of Garcia."

---

[1] The residuum rule, N.J.A.C. 1:1-15.5(a), "allows the administrative law judge the discretion to admit hearsay evidence into the hearing record," Aqua Beach Condo. Ass'n v. Dep't of Cmty. Affairs, 186 N.J. 5, 14 (2006), provided that "some legally competent evidence . . . exist[s] to support each ultimate finding of fact to an extent sufficient to provide assurances of reliability and to avoid the fact or appearance of arbitrariness," N.J.A.C. 1:1-15.5(b).

6

The ALJ filed her Initial Decision with the CSC for consideration in accordance with N.J.S.A. 52:14B-10(c), and the ALJ's recommended decision was "deemed adopted" as the CSC's final decision on July 25, 2016, pursuant to N.J.S.A. 40A:14-204.[2]  Accordingly, the CSC upheld Corbo's removal.

2.

Corbo appealed to the Appellate Division.  In an unpublished decision, the court reversed the CSC's Final Administrative Action because "no competent evidence was introduced to prove Corbo's ingestion of cocaine." The court determined that both of the City's proofs presented before the ALJ -- Garcia's statement to DiGrazio about Corbo's ingestion of the cocaine, and the medical records containing the lab results -- were both inadmissible hearsay. Even though the City was not bound by the rules of evidence in an administrative hearing, the court observed, "[h]earsay cannot buttress hearsay under the residuum rule."

As to the issue central to this matter -- the determination not to remand the matter to the OAL for further proceedings -- the Appellate Division held

[2]  At the time the ALJ filed her Initial Decision with the CSC, the CSC did not have the required number of commissioners to constitute a quorum.  Without a quorum, the CSC could not adopt, reject, or modify the ALJ's decision within the prescribed period, and therefore the ALJ's recommended decision was "deemed adopted."

that Corbo's medical records, as well as the lab results embedded in those records, "were not properly admitted as business records." While it acknowledged that courts "routinely permit[] the admission of medical records," (quoting Konop v. Rosen, 425 N.J. Super. 391, 403 (App. Div. 2012)), the Appellate Division indicated that the City failed to offer any additional proof to justify allowing the medical records into evidence. The court described it as "inexplicable" that "no hospital personnel" or "any other witness" testified at the hearing to establish that the medical records satisfied any of the requisite conditions for admissibility. It also held that Corbo's lab results, which were embedded in the medical records, were inadmissible because the "record is also bereft of any proofs." Since no competent evidence was introduced, the court declared that it was "compelled to reverse the decision" removing Corbo from the UCPD.

The City moved for reconsideration seeking a remand, but the Appellate Division denied the motion. The City then petitioned this Court for certification only as to the Appellate Division's disposition of this case through reversal without remand for further fact finding. We granted its petition. 234 N.J. 1 (2018).

8

The City does not challenge the Appellate Division's determinations as to the evidentiary issues presented. It challenges only the remedy imposed. According to the City, the Appellate Division failed to consider that the City did not offer foundational testimony at the OAL because the ALJ admitted the medical records over Corbo's objection without requiring any testimony or additional evidence. The City contends that the ALJ's failure to require foundational testimony about Corbo's medical records was a process error, and it stresses that the Appellate Division never concluded that Corbo's medical records were substantively deficient. Indeed, the City notes that had the ALJ sustained Corbo's objection for lack of foundation, it would have had the opportunity to lay the proper foundation.

The City asserts that the Appellate Division's refusal to remand the matter and allow the opportunity to lay the proper foundation to establish a business records hearsay exception for Corbo's drug test "prevents this issue from being decided on the merits" and contravenes the preference for remand expressed in numerous published decisions by this Court and the Appellate Division. The City maintains that remand will not prejudice Corbo's defense, nor will it prevent him from having a full and fair opportunity to defend

himself.  The City argues that reversal without remand, on the contrary, will ensure that the "City will suffer significant prejudice because Corbo, who tested positive for cocaine, will evade responsibility and sanction without a decision on the merits."  As such, the City asks this Court to modify the decision of the Appellate Division and summarily remand this matter to the OAL to correct this error.

## B.

Corbo maintains that the Appellate Division did not err when it failed to remand the matter.  In his view, the court's refusal to remand demonstrates that it concluded the ALJ's oversight was more than just a procedural error.  Corbo asserts that the Appellate Division determined the evidence was insufficient, making remand unnecessary.

## III.

## A.

Case law demonstrates that the preferred remedy to rectify procedural errors at the administrative level is a remand.  "When an administrative agency's decision is not accompanied by the requisite findings of fact and conclusions of law, the usual remedy is to remand the matter to the agency to correct this deficiency."  DiMaria v. PFRS, 225 N.J. Super. 341, 347 (App. Div. 1988); see also Perez v. Pantasote, Inc., 95 N.J. 105, 118-120 (1984)

10

(ordering remand because the Judge of Compensation failed to articulate whether claimant's functional disability was based upon demonstrable objective medical evidence); Katz v. Howell Twp., 67 N.J. 51, 63 (1975) (ordering remand because the Judge of Compensation did not sufficiently evaluate claimant's medical proofs, which would have enabled appellate review as to whether the agency's decision was supported by substantial credible proof); Kotlarich v. Mayor & Council of Borough of Ramsey, 51 N.J. Super. 520, 543 (App. Div. 1958) ("Ordinarily, when it becomes apparent . . . that the proofs to ground an agency's findings and conclusions are not sufficiently shown in the record . . . the proper practice is to remand the matter to the agency for a rehearing and redetermination.").

Furthermore, "[u]ntil courts have exhausted means of performing their shepherding function which do not terminate or deeply affect the outcome of a case, they ought not to bar a litigant's way to the courtroom." Audubon Volunteer Fire Co. No. 1 v. Church Constr. Co., 206 N.J. Super. 405, 407 (App. Div. 1986). Indeed, courts are "mindful of the well-established public policy disfavoring final dispositions based solely on procedural irregularities." SWH Funding Corp. v. Walden Printing Co., 399 N.J. Super. 1, 14 (App. Div. 2008). Further, it is important to note that "[c]ourts . . . have discretion to remand administrative action for further agency proceedings in the interest of

11

justice" when determining whether an agency decision is "unsupported by substantial credible evidence." Texter v. Dep't of Human Servs., 88 N.J. 376, 382-83 (1982).

Depriving a litigant of an opportunity to adjudicate its case on the merits runs counter to the well-established goals of this Court's jurisprudence. See Rocci v. Ecole Secondaire Macdonald-Cartier, 165 N.J. 149, 166 (2000) (O'Hern, J., dissenting). This Court "has always recognized that 'justice is the polestar [of our judicial system] and our procedures must be moulded and applied with that in mind.'" Ibid. (alteration in original) (quoting N.J. Highway Auth. v. Renner, 18 N.J. 485, 495 (1955)). "[W]e have consistently held that 'the paramount policies of our law require that . . . the plaintiff be afforded an opportunity to have the claim adjudicated on the merits.'" Ibid. (ellipsis in original) (quoting Crispin v. Volkswagenwerk, A.G., 96 N.J. 336, 338 (1984)).

## B.

The Appellate Division's remedy of reversing the ALJ's determination without remand prevents the City from arguing its case on the merits. The preferred remedy to rectify procedural errors at the administrative level is to remand the matter to allow for further evidentiary findings.

For these reasons, we modify the judgment of the Appellate Division and remand this matter to the OAL for further proceedings to allow the City the opportunity to demonstrate that the hospital records are admissible as business records, and the opportunity to present any other theories of admissibility.[3]

IV.

The remedy imposed by the Appellate Division is modified, and the matter is remanded to the OAL for further proceedings. Again, we do not consider the underlying evidentiary issues raised in this case or disturb the Appellate Division's determinations as to those issues.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, and SOLOMON join in JUSTICE FERNANDEZ-VINA'S opinion. JUSTICE TIMPONE did not participate.

---

[3] We note that our decision today does not make any evidential rulings on this matter. Such rulings shall be left to the ALJ upon remand.