**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2150-18T4

SHARL M. GHOBRIAL,

    Plaintiff-Respondent,

v.

WAHID R. ELNASHFAN,

    Defendant-Appellant.

_____

        Argued November 18, 2020 – Decided  December 14, 2020

        Before Judges Vernoia and Enright.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. DC-010038-18.

        Wahid R. Elnashfan, appellant, argued the cause pro se.

        Sharl M. Ghobrial, respondent, argued the cause pro se.

PER CURIAM

    Following a bench trial, the Special Civil Part entered an October 29, 2018 order awarding plaintiff Sharl M. Ghobrial a $4500 final judgment against defendant Wahid R. Elnashfan and dismissing defendant's counterclaim.

Defendant appeals from that order and a December 24, 2018 order denying his motion for reconsideration. Because defendant has failed to provide the required record of the trial court proceedings permitting a review of his arguments on appeal, we affirm the court's orders.

We begin by noting that the record on appeal does not include the pleadings, the exhibits admitted in evidence at trial, or transcripts of the entire three-day trial in this matter. We therefore glean the facts, as best we can, from the court's bench opinion following trial and the court's written statement of reasons supporting its denial of defendant's reconsideration motion.

Plaintiff filed a complaint alleging he gave defendant $9000 in cash in exchange for defendant's agreement to perform construction work at plaintiff's home. Plaintiff also alleged defendant failed to perform and complete all of the required construction work. Defendant filed an answer denying plaintiff's allegations and a counterclaim alleging that he provided 160 hours of tutoring services to plaintiff at the rate of $50 per hour, and that plaintiff owed him $8000 for the services provided.[1]

---

[1]  The scant record provided on appeal also suggests that defendant claimed plaintiff breached an agreement pursuant to which he was to buy a house, have defendant renovate it, and pay defendant a portion of the rental income from the house after the renovation was complete.

A-2150-18T4

During the three-day trial, plaintiff and defendant testified and presented exhibits that were admitted in evidence supporting their respective claims and defenses.[2] Defendant called two witnesses, who apparently provided testimony supporting defendant's counterclaim.[3]

After the testimony and evidence was presented, the court rendered an opinion from the bench. In sum, the court found plaintiff's testimony credible and rejected defendant's version of the events as not credible. The court also found the testimony of defendant's witnesses was not credible, concluding their testimony should be "disregarded" because they had past and ongoing business relationships with defendant, were closely connected to defendant, and were biased in defendant's favor.

Based on those findings, the court found no credible evidence supporting defendant's counterclaim, and accepted plaintiff's testimony that he advanced defendant $9000 in cash and that defendant failed to complete the agreed-upon construction work. The court found plaintiff was entitled to a $4500 refund for the portion of the advance paid for the work defendant failed to perform. The

[2] At oral argument before this court, defendant acknowledged exhibits were admitted in evidence at trial and not included in the record on appeal.

[3] The limited record before us does not include the full names of these witnesses.

court entered an order dismissing defendant's counterclaim and awarding a $4500 final judgment in plaintiff's favor against defendant.

Defendant filed a motion for reconsideration.[4]  In its written statement of reasons, the court denied the motion, finding defendant failed to demonstrate that the court's order for judgment and dismissal of the counterclaim was "based upon a palpably incorrect or irrational basis" or that the court "failed to consider or did not appreciate the significance of certain evidence."  See D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990) (explaining the standard for granting a motion for reconsideration).  The court further explained defendant did not present any new information that he could not have presented during the trial and which, in the interest of justice, supported reconsideration. See ibid.

Defendant appealed from the court's order entering the $4,500 final judgment against him and dismissing his counterclaim.  He also appealed from the court's order denying his motion for reconsideration.

On May 8, 2019, we sua sponte dismissed the appeal based on defendant's failure to prosecute.  In a July 1, 2019 order, we denied defendant's motion to

---

[4]  The record does not include the papers filed in support of the reconsideration motion.

vacate the dismissal and for an abbreviated transcript, and we explained that "[d]efendant's motion to reinstate the appeal [would] not be considered until defendant . . . either ordered all of the transcripts or obtained an order from the trial court granting an abbreviated transcript."

On August 19, 2019, the trial court entered an ordered granting defendant's request for an abbreviated transcript. See R. 2:5-3(c). The order explains the approved abbreviated transcript is based on "points on which" defendant will rely on appeal, and the order permits an abbreviated transcript of the trial court's findings and conclusions, and defendant's cross-examination of plaintiff regarding defendant's counterclaim.[5] Two months later, we granted defendant's motion to reinstate his appeal.

In support of his appeal, defendant filed a brief with an appendix consisting of a copy of an unpublished decision and the two orders from which his appeal is taken. Defendant's appendix does not include any pleadings in the case or any exhibits that were admitted as evidence at trial. The abbreviated transcripts supplied by defendant include an eight-page transcript of the October 17, 2018 trial proceeding, which includes five short, selected segments of

---

[5] Defendant does not include in the record on appeal any of the papers he filed with the trial court in support of his motion for an abbreviated transcript.

testimony from plaintiff and defendant.[6] Defendant also provided an abbreviated eight-page October 24, 2018 transcript which includes an almost seven-minute segment of the trial during which plaintiff and defendant answered questions posed by the court. Lastly, defendant provided a transcript of selected portions of the October 29, 2018 proceedings, which includes the court's opinion from the bench following the completion of the presentation of the evidence and three segments, consisting of thirteen pages, during which defendant cross examined plaintiff.[7]

The four arguments presented in defendant's merits brief on appeal are founded on the contention the trial evidence either does not support or contradicts the court's factual and credibility findings. More particularly, in Points I and II, defendant asserts there is insufficient evidence supporting the court's finding he breached a contractual obligation owed to plaintiff. In Point III, he claims the court's dismissal of his counterclaim is not supported by the

---

[6] The transcripts denote the selected portions of the proceedings as "segments." The five segments of the trial proceedings, as reflected on the October 17, 2018 transcript, are of trial court proceedings of the following durations: thirty seconds, twelve seconds, one minute and nineteen seconds, one minute and seventeen seconds, and one minute and forty-seven seconds.

[7] The three segments are of durations of eight minutes and forty-nine seconds, five minutes and ten seconds, and forty-two seconds.

A-2150-18T4

weight of the evidence. In Point IV, defendant contends the court's credibility determinations are not supported by the evidence presented at trial.

Our standard of review of "the findings and conclusions of a trial court following a bench trial are well-established." Allstate Ins. Co. v. Northfield Med. Ctr., P.C., 228 N.J. 596, 619 (2017). We do not "engage in an independent assessment of the evidence as if [we] were the court of first instance," State v. Locurto, 157 N.J. 463, 471 (1999), and we will "not weigh the evidence, assess the credibility of witnesses, or make conclusions about the evidence," Mountain Hill, L.L.C. v. Twp. of Middletown, 399 N.J. Super. 486, 498 (App. Div. 2008) (quoting State v. Barone, 147 N.J. 599, 615 (1997)). Instead,

> [w]e give deference to the trial court that heard the witnesses, sifted the competing evidence, and made reasoned conclusions. Reviewing appellate courts should "not disturb the factual findings and legal conclusions of the trial judge" unless convinced that those findings and conclusions were "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."
>
> [Allstate Ins., 228 N.J. at 619 (citations omitted) (quoting Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015)).]

"[W]e defer to the trial court's credibility determinations, because it '"hears the case, sees and observes the witnesses, and hears them testify,"

affording it "a better perspective than a reviewing court in evaluating the veracity of a witness."'" City Council of Orange Twp. v. Edwards, 455 N.J. Super. 261, 272 (App. Div. 2018) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). We will not disturb a trial court's findings "unless they are so clearly insupportable as to result in their denial of justice." Estate of Ostlund v. Ostlund, 391 N.J. Super. 390, 400 (App. Div. 2007) (citing Rova Farms Resort v Investors Ins. Co., 65 N.J. 474, 483 (1974)). We review the trial court's interpretation of law de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Where, as here, a party on appeal argues a trial court's findings of fact and credibility determinations are not supported by, or are contradicted by, the record, we must necessarily review and analyze that record. Simple logic dictates that it is impossible to determine if a court's fact and credibility determinations are supported by the trial record without a review of the record itself.

Our Rules of Court require that an appellant provide those portions of the trial record required to properly consider and decide the arguments raised on appeal. Rule 2:6-1(a)(1) requires that an appellant include in the appendix on appeal the pleadings and "such other parts of the record . . . as are essential to

the proper consideration of the issues, including such parts as the appellant should reasonably assume will be relied upon by the respondent in meeting the issues raised." R. 2:6-1(a)(1)(A) and (I). The record on appeal must also include the transcripts of the proceedings before the trial court. R. 2:5-4(a). It is the appellant's obligation to order and obtain the trial transcripts for our consideration on appeal. R. 2:5-3(a).

A party's failure to provide the record on appeal required by the Rules of Court hinders our ability to conduct proper appellate review. Johnson v. Schragger, Lavine, Nagy & Krasny, 340 N.J. Super. 84, 87 n.3 (App. Div. 2001). Indeed, the trial court record is so essential to our determination of issues raised on appeal, we are not "obliged to attempt review of an issue when the relevant portions of the [trial court] record are not included" on appeal. Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005); see also State v. Cordero, 438 N.J. Super. 472, 489 (App. Div. 2014) (finding review of the appellant's arguments was not possible because the appellant failed to provide an adequate record of trial court proceedings).

The limited record defendant provides on appeal renders it impossible to conduct any reasoned review of his arguments challenging the court's entry of

judgment and dismissal of his counterclaim. Defendant argues the court's fact findings are not supported by the trial evidence and testimony, but he fails to provide any of the exhibits admitted into evidence at trial and he opted not to provide the transcripts of the entire trial. Instead, and as noted, he provides only brief snippets of testimony, covering mere minutes of the testimony offered during the three-day trial.

A complete transcript of the trial proceedings is "ordinarily . . . an integral part of the record on appeal." In re Guardianship of Dotson, 72 N.J. 112, 115 (1976). It provides an appellant with "a firm foundation for his [or her] arguments that trial error occurred" and it provides the reviewing court with "a basis for a complete and proper analysis of all the issues" presented on appeal. Ibid.

Defendant did not avoid the obligation to provide all of the trial transcripts by successfully moving for an abbreviated transcript. An abbreviated transcript must include those portions of the proceedings "on which the appellant will rely on the appeal." R. 2:5-3(c)(2); see also Dotson, 72 N.J. at 117 (explaining an abbreviated transcript is appropriate "[w]here the specified grounds of appeal do not require a complete transcript"). On his motion for an abbreviated

10

transcript, defendant was required to identify those portions of the record upon which he intended to rely on appeal.  R. 2:5-3(c)(2).

Defendant's arguments on appeal, however, require much more than an analysis of the snippets of testimony he identified to the motion court as comprising the trial record pertinent to the issues he intended to raise on appeal. For example, he argues the trial court erred by finding his witnesses not credible, but he does not include his witnesses' testimony in the abbreviated transcript. More broadly, defendant's primary claim is that the court's findings of fact and credibility determinations are not supported by the testimony and evidence at trial.  To address that argument, we must consider the entire evidentiary record. Defendant's representation to the motion court about the portions of the record pertinent to the issues he intended to raise on appeal did not absolve him of the responsibility to provide the transcripts of the proceedings necessary for our consideration of the issues he actually raises on appeal.  See R. 2:6-1(a)(1)(I).

It is our preference to address the merits of a party's claim where that is possible.  See, e.g., In re Corbo, 238 N.J. 246, 255 (2019).  We also appreciate that defendant appears as a self-represented litigant.  Defendant has ably represented himself in this matter, but his failure to provide the pleadings, the evidence introduced at trial, and transcripts of the entire trial prevents us from

addressing and deciding the merits of the issues he raises on appeal. For those reasons, we affirm the court's orders.[8]

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[8] Defendant waived his challenge to the court's order denying his motion for reconsideration. He does not offer any argument supporting his appeal from the order denying that motion. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding that "[a]n issue not briefed on appeal is deemed waived"); Jefferson Loan Co., Inc. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (same).

A-2150-18T4