**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0912-19T3

BILINGUAL CONSULTANTS,
LLC,

     Plaintiff-Appellant,

v.

MULTILINGUAL HOLISTIC
PSYCHOTHERAPY, LLC,
ISTRA RIVERA, CONSUELO
LEIVA, JULISSA TAPIA,
GLORIA EMERA, JUAN GIL,
BILINGUAL FAMILY
CONSULTANTS, LLC,
YVETTE PERDOMO and
YVETTE PERDOMO
PSYCHOTHERAPY AND
COUNSELING SERVICES, LLC,

     Defendants-Respondents.

_____

Submitted September 23, 2020 – Decided October 22, 2020

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000151-17.

Vella Singer Kleiner Law Group, attorneys for appellant (Susan Schleck Kleiner and Erin P. Drew, on the briefs).

Mario M. Blanch, attorney for respondents Multilingual Holistic Psychotherapy, LLC, Istra Rivera, Consuelo Leiva, Julissa Tapia, Gloria Emera, Juan Gil and Bilingual Family Consultants, LLC..

Respondents Yvette Perdomo and Yvette Perdomo Psychotherapy and Counseling Services, LLC have not filed a brief.

PER CURIAM

Plaintiff Bilingual Consultants, LCC appeals from orders denying its motion for summary judgment on its affirmative claims against defendants Istra Rivera, Julissa Tapia, Gloria Emera, Juan Gil, Yvette Perdomo, Multilingual Holistic Psychotherapy, LLC (Multilingual), Bilingual Family Consultants, LLC (BFC), Yvette Perdomo Psychotherapy and Counseling Services, LLC (Perdomo Psychotherapy), and granting defendants summary judgment dismissing the complaint. Based on our review of the record presented on appeal, we affirm the orders denying plaintiff's motion for summary judgment and granting defendants Perdomo and Perdomo Psychotherapy summary judgment. We also affirm the order granting defendants Multilingual, Rivera, Tapia, Emera, Gil, and BFC summary judgment, but remand for the court to

2

order that they each, except for BFC, pay a $300 restoration fee in accordance with Rule 4:23-5(a).

I.

Plaintiff's Complaint

To provide context for our discussion of the issues, we briefly summarize the allegations in plaintiff's complaint.[1]  Plaintiff alleges it is a "limited liability company that operates as a staffing agency for social workers."  Plaintiff employs "social workers as independent contractors to provide in-home individual and family counseling and therapy services to clients" in New Jersey, "but primarily in Hudson, Union, Essex, Passaic, Monmouth, and Ocean counties."  Plaintiff "receives its clients [and] client referrals from several not-for-profit organizations that contract with the [S]tate of New Jersey . . . to provide outpatient mental health care services to New Jersey residents."

The complaint alleges that at various times plaintiff employed Rivera as a clinical supervisor, Emera as licensed associate counselor, and Gil and Perdomo

---

[1]  We summarize the allegations in plaintiff's First Amended Complaint.  It is the only complaint included in the record on appeal.  Defendants' responsive pleadings to the complaint are not included in the record on appeal.  See R. 2:6-1(a)(1)(A) (requiring the "appellant or jointly by the appellant and the respondent" to provide the pleadings in a civil action in the record on appeal).

as licensed clinical social workers. Tapia was employed as plaintiff's "office manager."

The complaint avers the individual defendants, with the exception of Tapia, signed agreements that include two provisions at issue in this case. First, the agreements include a restrictive covenant that provides as follows: "After expiration and termination of this agreement, [e]mployee agrees not to compete with [plaintiff] for a period of [five] years in a [fifty] mile radius of where [plaintiff] conducts any business" without plaintiff's written approval.[2] Second, the agreements require that employees "refrain from disclosing [plaintiff's] customer lists, trade secrets, or other confidential material." According to plaintiff's complaint, each of the individual defendants had access to its "confidential information."

The complaint describes each individual defendant's period of employment by plaintiff, and alleges that, during their employment with plaintiff and thereafter, the individual defendants disclosed and misappropriated

---

[2]  Although plaintiff alleges it retained the individual defendants, other than Tapia, as independent contractors, the agreements they signed refer to the individual defendants as "employees." The status of the individual defendants as independent contractors or employees is not an issue on appeal, and we offer no opinion on it. We refer to defendants as employees because the agreements plaintiff seeks to enforce refer to defendants as such.

A-0912-19T3

plaintiff's "confidential information" for their personal interests and the interests of their new employers. The complaint also alleges that, during their employment with plaintiff and thereafter, some of the individual defendants diverted plaintiff's business to either their new employers or entities they had formed to compete with plaintiff.

The complaint avers that following the termination of their respective periods of employment with plaintiff, the individual defendants, other than Tapia, violated the restrictive covenant by providing services in competition with plaintiff within fifty miles of where plaintiff conducts its business. The complaint further alleges three of the individual defendants—Rivera, Perdomo, and Gil—violated the restrictive covenant by forming new entities that compete with plaintiff within fifty miles of plaintiff's business. More particularly, plaintiff alleges Rivera formed and operated Multilingual; Gil formed and operated BFC; and Perdomo formed and operated Perdomo Psychotherapy. The complaint asserts Gil, Rivera, Perdomo, and their respective businesses violated the restrictive covenant by soliciting plaintiff's customers and employees and by using plaintiff's "confidential information."

The complaint alleges Emera and another former employee of plaintiff, Consuelo Leiva, violated the restrictive covenant by becoming employed by

Multilingual, and that during her employment by plaintiff, Tapia improperly authorized payments from plaintiff to Leiva.[3]

The complaint asserts nineteen separate causes of action. Count one alleges the individual defendants breached the restrictive covenant by soliciting plaintiff's employees and clients. Count two alleges Rivera, Gil, and Perdomo violated the restrictive covenant by forming businesses in competition with plaintiff, and that Leiva and Emera violated the restrictive covenant by providing services on behalf of Multilingual. In count three, it is alleged defendants breached the confidentiality provision in the agreements and count four alleges defendants violated a common law duty by using and disclosing plaintiff's confidential information. Count five asserts defendants violated the covenant of good faith and fair dealing.

Count six avers the individual defendants violated their duty of loyalty by forming and aiding Multilingual, BFC, and Perdomo while the individual defendants were employed by plaintiff. Count seven alleges defendants have been unjustly enriched by their actions.

---

[3] Leiva is a named defendant in the complaint. Plaintiff and Leiva resolved the matter and filed a Mutual Stipulation of Dismissal. We refer to Leiva only where necessary to provide context for our discussion of issues pertinent to the parties participating in the appeal.

Count eight asserts Tapia converted plaintiff's property and appropriated and destroyed plaintiff's "records and files," and Rivera aided and encouraged Tapia to perform those acts. Count nine avers defendants aided each other in the commission of tortious actions to obtain improper payments from plaintiff for Leiva; encouraged plaintiff's employees to resign from plaintiff's employment and violate their restrictive covenants and confidentiality agreements; and interfere with plaintiff's client relationships. Count ten alleges Multilingual, BFC, and Perdomo Psychotherapy were unjustly enriched by their tortious conduct.

Count eleven avers Multilingual aided and abetted the individual defendants in their violation of their common law duties of loyalty, good faith and fair dealing, and "maintaining the secrecy of plaintiff's confidential information."

Count twelve claims Multilingual and the individual defendants tortiously interfered with plaintiff's prospective economic advantage by interfering with its customer relationships. Count thirteen alleges Multilingual and the individual defendants engaged in unfair competition.

Counts fourteen, fifteen, and sixteen respectively allege BFC aided Gil in violating "his common law duties of maintaining the secrecy of confidential

 A-0912-19T3

information, good faith and fair dealing[,] and loyalty"; BFC and Gil tortiously interfered with plaintiff's customer relationships; and BFC and Gil engaged in unfair competition. Counts seventeen, eighteen, and nineteen respectively allege Perdomo Psychotherapy aided Perdomo in violating her "common law duties of maintaining the secrecy of confidential information, good faith and fair dealing[,] and loyalty"; Perdomo and Perdomo Psychotherapy tortiously interfered with plaintiff's customer relationships; and Perdomo and Perdomo Psychotherapy engaged in unfair competition.

It appears defendants filed answers to the complaint, some of which include a counterclaim or counterclaims.[4] In a February 16, 2018 order, the court struck the "[a]nswer and [c]ounterclaim" filed by Multilingual, Rivera, Tapia, and Emera pursuant to Rule 4:23-5(a)(1) for failure to provide discovery. On February 26, 2018, the court entered an order dismissing Gil's answer for the same reason.

The record does not include orders reinstating the answers and counterclaim(s) of Multilingual, Rivera, Tapia, and Emera, or reinstating Gil's answer. However, in a June 21, 2018 Amended Case Management Order, the

---

[4] We glean this information from the parties' briefs on appeal. The record on appeal does not include any defendant's answer or counterclaim(s). See R. 2:6-1(a)(1)(A).

court directed Multilingual, Rivera, Tapia, Emera, and Gil to provide answers to "[p]reviously propounded interrogatories," permitted all parties to propound additional discovery, and extended the discovery deadline until December 6, 2018.

The Summary Judgment Motions

We discern from the court's statement of reasons supporting the orders from which plaintiff appeals that plaintiff moved for summary judgment on the causes of action asserted in the complaint, as well as on whatever counterclaims were filed on behalf of the respective defendants. It also appears Perdomo and Perdomo Psychotherapy moved for summary judgment on plaintiff's claims, and Multilingual, Rivera, Tapia, Emera, Gil, and BFC jointly moved for summary judgment on plaintiff's claims.[5]

Prior to addressing the respective motions, we observe that plaintiff provides a scant and incomplete motion record in support of its appeal. In its

_____

[5] The notice of motion for summary judgment filed on behalf of Multilingual, Rivera, Tapia, Emera, and Gil did not include BFC as a moving party. At oral argument on the motion, plaintiff's counsel noted BFC did not file a summary judgment motion and did not file opposition to plaintiff's motion. Counsel for Multilingual, Rivera, Tapia, Emera, Gil, and BFC explained the omission of BFC's name as a movant for summary judgment and in opposition to plaintiff's motion was "inadvertent[]" and that BFC moved for summary judgment and opposed plaintiff's motion. Without objection, the court thereafter considered the motion and opposition as having also been filed on BFC's behalf.

A-0912-19T3

appendix annexed to its merits brief, plaintiff does not include any pleadings beyond its complaint, and, although it appeals from orders granting and denying summary judgement motions, plaintiff's merits brief appendix does not provide any part of the summary judgment record.

Annexed to its reply brief, plaintiff attached a "Statement of Material Facts Pursuant to [Rule] 4:46-[2(a)]" that presumably supported its summary judgment motion, but, other than its complaint, plaintiff does not provide any of the numerous exhibits cited as evidential support for the proffered facts. Plaintiff's Rule 4:46-2(a) statement includes citations to the "Mejia Cert.," the "Drew Cert.," and the exhibits purportedly annexed to each, but none of the documents are included in the record on appeal.[6] Plaintiff also does not provide any defendant's response to its Rule 4:46-2(a) statement.[7]

---

[6] The statement of facts in plaintiff's merits brief on appeal does not rely upon, or include any citations to, plaintiff's statement of material facts. The statement of facts in plaintiff's merits brief is based solely on the facts alleged in the complaint and those found by the court in its statement of reasons supporting its summary judgment orders.

[7] At oral argument on the motions, plaintiff's counsel stated Multilingual, Rivera, Tapia, Emera, Gil, and BFC did not serve any opposition to plaintiff's statement of material facts. The record does not reveal if any other defendant filed a response to plaintiff's statement of material facts.

10

Similarly, the appendix submitted with plaintiff's merits brief is bereft of any pleadings filed in connection with Perdomo and Perdomo Psychotherapy's summary judgment motion. Annexed to its reply brief on appeal, plaintiff provides its counterstatement of material facts in opposition to Perdomo and Perdomo Psychotherapy's statement of material facts, but plaintiff does not provide either Perdomo and Perdomo Psychotherapy's statement of material facts or any of the exhibits, including the "Mejia Feb. 4th Cert.," that it refers to, and relies on, in its counterstatement.

A more complete record is provided concerning the summary judgment motion filed on behalf of Multilingual, Rivera, Emera, Tapia, Gil, and BFC. Those defendants include in their appendix their notice of motion for summary judgment dismissing the complaint. They also provide the Rule 4:46-2(a) statement of material facts supporting their motion. The statement, which consists of eleven separately stated facts, includes citations to the exhibits they contend provide evidential support for the facts asserted, and the exhibits are supplied through their counsel's certification.

Multilingual, Rivera, Emera, Tapia, Gil, and BFC also provide plaintiff's "COUNTER STATEMENT OF MATERIAL FACTS IN OPPOSITION TO [THEIR] MOTION FOR SUMMARY JUDGMENT," but they do not include

11

the exhibits plaintiff attached to its counterstatement of material facts as evidential support for its denials of facts and assertion of others. Plaintiff did not remedy this omission by supplying the missing exhibits with its reply brief.

There are facts proffered in support of Multilingual, Rivera, Emera, Tapia, Gil, and BFC's motion that plaintiff admitted. Plaintiff admits the New Jersey Department of Children and Families operates the Children's System of Care (CSOC) for youth suffering from emotional, behavioral, substance abuse, and other problems, and the CSOC maintains a toll-free call-in number.

There is a dispute between the parties as to the manner in which a call to the CSOC results in referrals to plaintiff for provision of its counseling services. Multilingual, Rivera, Emera, Tapia, Gil, and BFC assert that when a call is made to the CSOC's toll-free number, a "Contracted System Administrator . . . directs the family in need to a licensed clinician," who then directs the family to a County Care Management Organization (CMO), if necessary. The parties agree each county has a CMO. According to Multilingual, Rivera, Emera, Tapia, Gil, and BFC, the CMO determines if a referral to a licensed social worker is required and, if so, refers the case to plaintiff or another provider of licensed social worker counseling services.

12

Plaintiff admits that after a call is received at the CSOC, the Contracted System Administrator may refer the child or family to a licensed clinician, who is identified as a Care Coordinator. Plaintiff, however, contends that where the Care Coordinator determines further services are required, he or she may refer the child or family to the CMO or might instead make a referral to Mobile Response and Stabilization Services (MRSS). Plaintiff asserts each county has one MRSS, and claims it obtains referrals for its services from CMOs and MRSSs.

Plaintiff also admits Rivera formed Multilingual in November 2016 and that Multilingual provides counseling services through various CMOs. Plaintiff admits the CSOC allows licensed social workers and licensed associate counselors to provide services and that Gil is a licensed social worker and Rivera and Emera are licensed associate counselors. Plaintiff admits Tapia is its "former administrator" and that she did not sign the restrictive covenant.

At the hearing on the motions for summary judgment, plaintiff's counsel noted the February 16 and 26, 2018 orders striking Multilingual's, Rivera's, Tapia's, Emera's, and Gil's answers and counterclaims without prejudice for failure to make discovery, and counsel stated, "[A]ll [those defendants] needed

A-0912-19T3

to do was to pay the restitution fee for $300 to have their case reinstated."[8] Plaintiff's counsel said she "wanted to make clear" those defendants had "been dismissed without prejudice" but were nonetheless "actively involved in the case" by making a summary judgment motion.

Counsel for Multilingual, Rivera, Tapia, Emera, and Gil represented it was his understanding his clients' status as active participants in the case had been addressed by the court at the June 21, 2018 case management conference, and the Amended Case Management Order entered on that date required only that they provide outstanding discovery. The motion court did not find those defendants were barred from filing their summary judgment motion or opposing plaintiff's motion. Instead, the court simply noted payment of the restoration fee was "going to have to be done." The court's order granting those defendants summary judgment did not direct payment of the restoration fee.

Following oral argument on the motions, the court issued a written statement of reasons supporting its denial of plaintiff's motion and grant of the respective summary judgment motions. The court focused on plaintiff's claim defendants violated the restrictive covenant by competing with plaintiff in the

---

[8] Because the pleadings have not been supplied in the record on appeal, it is not possible to determine whether one or more answers or counterclaims were filed on those defendants' behalf.

provision of counseling services within fifty miles of plaintiff's business locations during the five years following the termination of their employment with plaintiff.

The court found plaintiff failed to present evidence demonstrating the restrictive covenant protected a legitimate business interest in plaintiff's "customer relationships, trade secrets, or confidential business information." The court found plaintiff receives its client referrals through agencies of the State—more particularly the CMOs and MRSSs—and plaintiff does not have a protectable trade secret in the identity of the referring agencies because they are publicly known. The court also rejected plaintiff's claim the restrictive covenant protected a legitimate interest in plaintiff's patient lists, patient referral bases, and investment in, and training of, the individual defendants.

The court found that the temporal and geographical limitations in the restrictive covenant were unreasonable and that plaintiff failed to establish otherwise. The court determined the restrictive covenant creates an undue hardship because it prevents the individual defendants from providing their services for a five-year period within fifty miles of any place plaintiff operates its business. The court refused to "blue pencil" the restrictive covenant, finding the covenant does not protect any legitimate business interest and that revising

15

the covenant would require a complete "redraft" of the provision. The court rejected defendant's reliance on N.J.A.C. 13:42-10.16, which prohibits "any business agreement that [would] interfere[] with or restrict[] the ability of a client to see his or her [licensed psychologist] of choice," because none of the individual defendants are licensed psychologists.

The court also determined defendants are entitled to summary judgment on plaintiff's breach of the duty of loyalty claim.[9] The court found that because plaintiff's relationships with the referring agencies were not legally protectable, defendants could not breach a duty of loyalty to plaintiff by "'interfering' with" those relationships.

The court also noted that even if it found the restrictive covenant enforceable, "a duration of more than two years is unreasonable. Most of the 'agreements' at issue are, therefore, expired . . . . [T]he request for injunctive relief would be moot."

---

[9] The court also determined Multilingual, Rivera, Tapia, Emera, Gil, and BFC were entitled to judgment as a matter of law on plaintiff's claim they breached the covenant of good faith and fair dealing. We do not address the claim because plaintiff does not argue on appeal the court's determination was in error. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding "[a]n issue not briefed on appeal is deemed waived"); Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (same).

The court entered a March 20, 2019 order denying plaintiff's summary judgment motion. On the same day, the court entered an order granting Perdomo and Perdomo Psychotherapy's summary judgment motion. The court also entered a separate March 20, 2019 order granting summary judgment to Multilingual, Rivera, Tapia, Emera, Gil, and BFC.

From our reading of plaintiff's brief on appeal, it appears the orders did not dispose of counterclaims filed on behalf of Tapia, Perdomo, and Leiva.[10] Those claims were scheduled for trial. On the scheduled trial date, only Leiva appeared, and, as noted, Leiva resolved her claims against plaintiff and entered a mutual stipulation of dismissal with plaintiff. Tapia's and Perdomo's counterclaims were dismissed due to their failure to appear at trial. Plaintiff's appeal from the summary judgment orders followed.

## II.

We begin our review of plaintiff's arguments by noting those portions of the court's orders that we affirm based on plaintiff's decision not to offer

---

[10]  For purposes of clarity, and because the assertions are not contested, we summarize plaintiff's representations concerning what occurred with the counterclaims and their disposition at the scheduled trial. We again note that other than the Leiva stipulation of dismissal, the appellate record is devoid of any pleadings, orders, or transcripts concerning the proceedings following entry of the summary judgment orders.

arguments challenging the court's disposition and plaintiff's election not to provide the record required to permit proper appellate review of the motion court's dispositions. We then address those limited portions of the court's orders about which plaintiff offers legal arguments on appeal and a record permitting appellate review.

## A.

Plaintiff's arguments on appeal are limited. The court granted defendants summary judgment on the nineteen causes of action asserted in the complaint, but plaintiff argues the court erred by granting summary judgment on only three of them: the alleged breaches of the restrictive covenant (counts one and two) and the duty of loyalty (count six). Plaintiff does not argue the court erred by granting summary judgment on counts three through five and seven through nineteen. We therefore need not address the award of summary judgment on those counts, and we affirm the court's order granting defendants' summary judgment on each of them. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011); Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008).

Plaintiff also appeals from the March 20, 2019 order denying its motion for summary judgment on its affirmative claims and on the asserted

counterclaims but does not offer any argument supporting its challenge to the order. Stated differently, plaintiff does not argue the court erred by failing to find plaintiff was entitled to judgment as a matter of law on each, or indeed any, of the nineteen causes of action asserted in the complaint or on any of the asserted counterclaims. Any challenge to the order denying such relief is deemed waived, Sklodowsky, 417 N.J. Super. at 657, and we cannot otherwise properly reverse the court's order denying plaintiff's summary judgment motion on its affirmative claims and any counterclaims because plaintiff does not include in the record on appeal all of the pleadings and exhibits relied on in support of, and in opposition to, its motion, see generally, R. 2:6-1(a)(1)(A) (requiring the record on appeal in a civil action include "the pleadings"); R. 2:6-1(a)(1)(I) (requiring the record on appeal to include such parts of the record "essential to the proper consideration of the issues"); see also Soc'y Hill Condo. Ass'n v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002) (explaining appellate review of the merits of an issue was rendered "impossible" without the "parts of the record . . . as are essential to the proper considerations of the issues" (alteration in original) (quoting R. 2:6-1(a)(1)([I]))). We therefore affirm the court's order denying plaintiff's motion for summary judgment on its affirmative claims and any counterclaims.

19

For the same reasons, we affirm the court's March 20, 2019 order granting Perdomo and Perdomo Psychotherapy's summary judgment motion. Plaintiff offers no argument addressing the Perdomo motion or the court's order on the motion. See Sklodowsky, 417 N.J. Super. at 657. Moreover, plaintiff does not provide any pleadings filed in connection with the motion other than its counterstatement of material facts pursuant to Rule 4:46-2(b). See Soc'y Hill Condo., 347 N.J. Super. at 177-78. The counterstatement is incomplete because it does not include the certification and exhibits upon which it relied to support its denials and averments of facts.

We cannot properly exercise our appellate function where a party appealing from a summary judgment order does not provide the complete record presented to the motion court and also opts not to offer argument challenging the court's findings and legal conclusions. Here, the lack of a complete record and any argument challenging the court's award of summary judgment to Perdomo and Perdomo Psychotherapy requires affirmance of the court's order granting them summary judgment. See, e.g., Noren v. Heartland Payment Sys., Inc., 449 N.J. Super. 193, 195-96 (App. Div. 2017) (denying a party's motion for reconsideration of its cross-appeal on a summary judgment motion because the party did not "submit the items that had been submitted to the trial court on

A-0912-19T3

the summary judgment motion or even a statement of the items submitted," which prevented the court from reviewing "the original summary judgment motion"); Weiss v. Cedar Park Cemetery, 240 N.J. Super. 86, 102 (App. Div. 1990) (finding dismissal was required because appellants did not "adequately brief the issues"); State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977) (explaining it is the appellant's responsibility to provide the facts, record, and legal argument that flows from the facts to allow an independent assessment of the merits of an appeal).

B.

We next address plaintiff's challenge to the order granting Multilingual, Rivera, Tapia, Emera, Gil, and BFC summary judgment on the remaining counts in the complaint. Counts one and two allege violations of the restrictive covenant and count six alleges breach of the duty of loyalty, against the individual defendants. Plaintiff argues the court erred by finding the restrictive covenant unenforceable because the court incorrectly concluded the covenant was unnecessary to protect any of plaintiff's legitimate business interests. Plaintiff claims it had legitimate business interests in protecting its client referral sources, goodwill, and customer relationships, and that the court erred by finding otherwise.

A-0912-19T3

We review an order granting summary judgment de novo, applying the same standard as the trial court. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). We are required to determine whether, viewing the facts in the light most favorable to the non-moving party, the movant has demonstrated there are no genuine disputes as to any material facts and the movant is entitled to judgment as a matter of law. R. 4:46-2(c); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). We review legal issues de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Our de novo review of the summary judgment record pertaining to Multilingual, Rivera, Tapia, Emera, Gil, and BFC's motion for summary judgment on counts one, two, and six is made difficult because the record on appeal does not include the complete motion record presented to the court. See R. 2:6-1(a)(1)(A) and (I). The difficulties presented by the lack of the record are highlighted by the motion court's findings of fact, which are primarily supported by citations to a certification and other documents plaintiff opted not to include in the record on appeal.[11] The record before the court on Multilingual, Rivera, Tapia, Emera, Gil, and BFC's summary judgment motion was not limited

---

[11] Many of the motion court's findings of fact are supported by citations to the "Mejia Cert[.]" and to the "Cintron Ex." Neither document is included in the record on appeal.

to the only two documents related to the motion that are provided, at least in part, in the record on appeal: their Rule 4:46-2(a) statement and plaintiff's Rule 4:46-2(b) counterstatement, which is also included but without its supporting exhibits. In other words, the motion court made its summary judgment determination on a record that has not been provided for our review.

Where there is a failure to provide the complete record related to an issue on appeal, we may properly reject an appellant's arguments and affirm the challenged order. See Soc'y Hill Condo. Ass'n, 347 N.J. Super. at 177-78. Our preference, however, is to decide cases on their merits, see, e.g., In re Corbo, 238 N.J. 246, 255 (2019), and, for the reasons we explain, we do so here to the limited extent the record allows. We are otherwise constrained to affirm those portions of court's summary judgment order where plaintiff precludes appropriate appellate review by not supplying the entire summary judgment record.

Even the limited record provided on appeal establishes the parties do not dispute that each of the individual defendants, other than Tapia, signed the restrictive covenant when they commenced their employment with plaintiff. The parties agree the restrictive covenant prohibits employees from "compet[ing]" with plaintiff within fifty miles of any place plaintiff conducts

business for a five-year period following termination of employment with plaintiff. Based on the briefs submitted on appeal, the parties further agree the restrictive covenant expressly defines "[c]ompetition" as "owning a business of the following type: Medicaid Certified or State Certified Home Care Provider of mentoring, behavioral assistance, or intensive in-community therapy."

Count one alleges the individual defendants violated the restrictive covenant by working for either Multilingual, Perdomo Psychotherapy, or BFC within the fifty-mile geographical limitation and during the five years immediately following the termination of their employment with plaintiff. Count one also asserts, as does count two, Rivera and Gil violated the restrictive covenant by forming and operating Multilingual and BFC, respectively.

We affirm the dismissal of counts one and two as to Tapia, Multilingual, and BFC because plaintiff concedes they are not parties to the restrictive covenant and never agreed to be bound by its terms. We also affirm the dismissal of counts one and two as to Emera because although she executed the restrictive covenant and agreed to be bound by it, plaintiff does not claim Emera engaged in the "competition" the covenant prohibits: "owning of a business." In its brief on appeal, plaintiff acknowledges the restrictive covenant does not bar the individual defendants "from working in their chosen field" and that the

covenant only bars them from "directly owning" a competing business. Plaintiff asserts Emera became employed by a business that competes with plaintiff, but such conduct is not prohibited by the restrictive covenant's plain language. Emera is therefore entitled to summary judgment on counts one and two.

In contrast, Rivera does not dispute that she formed, owns, and operates Multilingual and that her conduct otherwise falls within the restrictive covenant's definition of prohibited competition. Similarly, there is no dispute Gil formed, owns, and operates BFC, and that his conduct constitutes the competition proscribed by the restrictive covenant. Thus, an award of summary judgment for Rivera and Gil on counts one and two is dependent solely on the enforceability of the restrictive covenant.

A restrictive covenant limiting an individual's ability to compete against a former employer is enforceable if it satisfies the test for reasonableness established in Solari Industries, Inc. v. Malady, 55 N.J. 571 (1970). A restrictive covenant is enforceable if it "protects the legitimate interests of the employer, imposes no undue hardship on the employee, . . . is not injurious to the public" and is reasonable in duration, scope, and area. Id. at 576, 581-82: see also Cmty. Hosp. Grp., Inc. v. More, 183 N.J. 36, 57 (2005); Pierson v. Med. Health Ctrs., P.A., 183 N.J. 65, 69 (2005); Karlin v. Weinberg, 77 N.J. 408, 417 (1978);

Whitmyer Bros. v. Doyle, 58 N.J. 25, 32-33 (1971). A determination of the enforceability of a restrictive covenant "requires a 'fact-sensitive' analysis [of] the circumstances of each case." ADP, LLC v. Kusins, 460 N.J. Super. 368, 400 (App. Div. 2019) (quoting Platinum Mgmt., Inc. v. Dahms, 285 N.J. Super. 274, 294 (Law Div. 1995)); see also Pierson, 183 N.J. at 69 (explaining a court is required to assess a restrictive covenant's reasonableness on a case-by-case basis).

Here, the motion court made findings of fact and conclusions of law addressing each of the Solari factors, and the court also determined the restrictive covenant was temporally and geographically overbroad. The court engaged in the requisite fact-sensitive analysis based on the summary judgment record before it. See ADP, LLC, 460 N.J. Super. at 400. As noted, however, the court's findings of fact supporting its decision are primarily based on at least one certification and exhibits that were part of the summary judgment record, but which are not included in the record on appeal.

It is essential that we consider the complete summary judgment record presented to the motion court because we conduct a de novo review of the court's summary judgment order. See, e.g., Noren, 449 N.J. Super. at 195-96. We are not obligated to accept the court's legal conclusions, see Templo Fuente De Vida

26

Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016), and we must conduct an independent de novo review of the record to determine if summary judgment is appropriate, see Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987). This independent de novo review includes our determination of whether the competent evidential materials presented demonstrate there are no genuine issues of material fact. Ibid. As our Supreme Court explained in Brill, in deciding a summary judgment motion, a court may not accept as true a party's statement of material facts without consideration "of the competent evidential materials." 142 N.J. at 540. A decision on a summary judgment motion requires that a court "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." 142 N.J. at 540 (emphasis added): see also R. 4:46-2(b) (providing facts proffered in support of a summary judgment motion that are "sufficiently supported" by competent evidence shall be deemed admitted unless the party opposing the motion disputes the facts based on competent evidence in accordance with Rule 4:46-2(a)).

A trial court cannot properly decide a summary judgment motion without reviewing the complete record submitted by the parties. Nor can we. Thus, without the complete record plaintiff was obligated to provide, R. 2:6-1(a)(1)(A) and (I), it is not possible to engage in the requisite de novo review of the merits of the order granting Rivera and Gil summary judgment on counts one and two. Most simply stated, we cannot determine whether the competent evidential materials support a finding of undisputed facts entitling a party to summary judgment as a matter of law unless the motion record, and the evidential materials, are made available for our consideration. "[W]e [therefore] have no alternative but to affirm" the court's order granting summary judgment on counts one and two against Rivera and Gil. See Soc'y Hill Condo. Ass'n, 347 N.J. Super. at 178. For the same reasons, we are constrained to affirm the court's award of summary judgment on count six, which alleges a breach of the duty of loyalty. See id. at 177-78.

Plaintiff argues the court erred by failing to require that Multilingual, Rivera, Tapia, Emera, and Gil pay the $300 restoration fee required to restore their answers to the complaint following the court's February 16 and 26, 2018

orders striking their answers without prejudice pursuant to Rule 4:23-5(a)(1).[12] At oral argument on the summary judgment motions, the court stated that payment of the restoration fee would "have to be done" but the court did not include the requirement in the summary judgment orders. Those defendants do not dispute their obligation to pay the restoration fees as required by the Rule. On remand, the court shall enter an order directing each of those defendants to pay the required $300 restoration fee within thirty days.

In sum, we affirm the court's March 20, 2019 orders denying plaintiff's motion for summary on its affirmative claims and on any counterclaims and granting Perdomo and Perdomo Psychotherapy's motion for summary judgment. We also affirm the court's March 20, 2019 order granting defendants Multilingual, Rivera, Emera, Tapia, Gil, and BFC summary judgment, but we remand for entry of an order requiring Multilingual, Rivera, Emera, Tapia, and Gil to pay a $300 fee pursuant to Rule 4:23-5(a) within thirty days of this decision.

---

[12] The record does not include any pleadings in support of motions to vacate the orders suppressing the answers. See N.J.S.A. 4:23-5(a)(1). Plaintiff does not address the impropriety of any failure by the court to require that Multilingual, Rivera, Tapia, Emera, and Gil file motions to vacate the orders suppressing their answers and to determine if the outstanding discovery had been fully and responsively provided. See ibid. Those issues are therefore not before us.

Affirmed, and remanded for entry of an order requiring payment of the restoration fees in accordance with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0912-19T3