**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2211-19

LAVERNE SANDERS,

     Plaintiff-Appellant,

v.

DIVISION OF CHILDREN AND
FAMILY SERVICES, PAMELLA
MILLER, LORI SANDERS, ILA
BHATNAGAR,[1] CHRISTINE
CHANG, JACKIE MCCOY, MARK
KEARS, and HEATH BERNSTEIN,

     Defendants-Respondents.

_____

Submitted April 26, 2021 – Decided May 20, 2021

Before Judges Fasciale and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1533-16.

Laverne Sanders, appellant pro se.

---

[1] Improperly pled as Lla Bhatnagar.

Marshall Dennehey Warner Coleman & Goggin, attorneys for respondents (Leonard C. Leicht and Walter F. Kawalec, III, on the brief).

PER CURIAM

Plaintiff Laverne Sanders appeals from an August 16, 2019 order granting summary judgment to defendants Division of Children and Family Services (DCF) and Jackie McCoy[2] and an October 11, 2019 order denying her motion for reconsideration.[3]  We affirm.

The parties are familiar with the facts giving rise to plaintiff's claims that DCF and several DCF employees discriminated against her in violation of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -49. Plaintiff was involved in prior litigation against the DCF.  See Sanders v. Division of Children & Family Servs., No. A-3720-14 (App. Div. July 26, 2017).

---

[2]  Plaintiff effectuated service of her complaint only upon these defendants. As a result, plaintiff's claims against defendants Pamella Miller, Lori Sanders, Ila Bhatnagar, Christine Chang, Mark Kears, and Heath Bernstein were dismissed for lack of prosecution.

[3]  Rule 2:5-1(e)(3)(i) requires designation of "the judgment, decision, action or rule, or part thereof appealed from . . ."  On appeal, "we review 'only the judgment or orders designated in the notice of appeal.'"  Kornbleuth v. Westover, 241 N.J. 289, 298-99 (2020) (quoting 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004)).  Because plaintiff failed to include the October 11, 2019 order in her notice of appeal, we decline to consider her appeal from that order.

We incorporate the facts from our prior decision related to plaintiff's earlier NJLAD claims against DCF.

After resolving her prior litigation against DCF, plaintiff again filed suit against the agency, alleging new discriminatory actions in violation of the NJLAD. Her new claims against DCF included denial of a job opportunity with the Federal Emergency Management Agency (FEMA) based on statements made by DCF employees to a FEMA investigator conducting a pre-employment background check. Plaintiff further contended she was subject to retaliatory conduct by DCF and its employees as a result of her prior lawsuit. Plaintiff also asserted she suffered a hostile work environment based on DCF's refusal to accommodate her request for handicap parking and transfer to another unit within the agency.

In April 2016, plaintiff filed a complaint against defendants alleging unlawful retaliation, aiding and abetting, and hostile work environment in violation of the NJLAD. DCF and McCoy filed a motion for summary judgment, which plaintiff opposed. The record on appeal lacks evidence of plaintiff's response, if any, to defendants' statement of undisputed facts accompanying the summary judgment motion.

A-2211-19

In an August 16, 2019 order and written decision, the judge granted defendants' motion for summary judgment. The judge concluded plaintiff failed to present materially disputed facts as to any of her claims which would preclude the entry of summary judgment as a matter of law. The judge determined the complained of conduct by DCF or its employees was "so severe and pervasive that the conditions of [p]laintiff's employment were altered." Regarding plaintiff's request to transfer to another unit within DCF, the judge determined "[p]laintiff lost no wages, and had no change in schedule" and "was granted an accommodation request for intermittent leave." In rejecting plaintiff's retaliation claim, the judge found "[p]laintiff offer[ed] no argument or proof that she suffered any adverse employment decisions as a result of the making of the alleged statements [by DCF employees to the FEMA investigator]." Regarding the aiding and abetting claim against McCoy, the only individual defendant who was served with the complaint, the judge held there were "no statements from the record that would support a claim" and plaintiff "offer[ed] nothing more than mere allegations . . . to make a showing for aiding and abetting." In addition, the judge concluded McCoy was not involved in any decisions related to plaintiff's transfer request or handicap parking. Plaintiff filed a motion for reconsideration, which the judge denied.

4

On appeal, plaintiff raises the following arguments:

I.    [THE] TRIAL COURT ABUSED ITS DISCRETION BY IGNORING THE EVIDENCE FROM THE FEMA INTERVIEWS IN WHICH RESPONDENTS USED THEIR KNOWLEDGE OF APPELLANT'S 2013 PROTECTED ACTIVITY AS A FORM OF RETALIATION AGAINST HER AND TO DESTROY HER CHANCES AT SECURING A POSITION AT FEMA.

II.   [THE] TRIAL COURT ABUSED ITS DISCRETION BY IGNORING THE EVIDENCE FROM THE FEMA INTERVIEWS THAT RESPONDENTS USED THEIR INTERVIEWS TO AID, ABET, INCITE, COMPEL OR COERCE THROUGH COLLUSION.

III.  THE TRIAL COURT ABUSED ITS DISCRETION BY OVERLOOKING THE RESPONDENTS' RETALIATORY ACTIONS AND ADVERSE EMPLOYMENT DECISIONS BY SABOTAGING THE APPELLANT'S CHANCES AT SECURING THE POSITION AT FEMA AND FAILURE TO MAKE REASONABLE ACCOMODATIONS FOR THE APPELLANT'S DISABILITY.

IV.   [THE] TRIAL COURT ABUSED ITS DISCRETION BY GRANTING RESPONDENT[S'] MOTION FOR SUMMARY JUDGMENT AND DENYING APPELLANT'S MOTION FOR RECONSIDERATION.

5

Having reviewed the record, we are satisfied plaintiff failed to proffer any evidence to substantiate her NJLAD claims and, therefore, affirm.

We first address several deficiencies associated with plaintiff's appeal. As we previously noted, plaintiff did not include the October 11, 2019 order denying her motion for reconsideration in her notice of appeal, barring its consideration on appeal. Further, plaintiff failed to brief reconsideration. An issue not briefed is deemed waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2021). Thus, the denial of plaintiff's motion for reconsideration is not before this court on appeal.

We next consider plaintiff's claim the motion judge "abused [his] discretion" in granting summary judgment to defendants. We do not review a trial court's determination on a motion for summary judgment for "abuse of discretion." Rather, we review a trial court's decision granting summary judgment de novo, employing the same standard as the trial court. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

Facts must be viewed in the light most favorable to the non-moving party. Estate of Hanges v. Metro. Prop. & Cas. Ins., 202 N.J. 369, 374 (2010). However, the non-moving party must present evidence of materially disputed facts in opposing summary judgment. Traditionally, the non-moving party offers an affidavit or certification setting forth materially disputed facts along with documents in opposition to a motion for summary judgment. The record does not reflect an affidavit or certification from plaintiff in response to defendants' summary judgment motion.

In addition, Rule 4:46-2(b) provides "[a] party opposing the motion [for summary judgment] shall file a responding statement either admitting or disputing each of the facts in the movant's statement." Unless specifically disputed in a responding statement with precise record references, "all material facts in the movant's statement which are sufficiently supported will be deemed admitted . . ." R. 4:46-2(b). Where an opposing party offers no substantial or material facts in opposition to summary judgment, the party cannot complain if the court takes as true the uncontradicted facts in the movant's papers. Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 75 (1954).

Here, defendants submitted 265 statements of undisputed material facts with corresponding citations to exhibits annexed to a certification in accordance with Rule 4:46-2(a). Not only did plaintiff fail to submit a responding statement, but the statement of facts in her brief opposing summary judgment stated, "See [d]efendants' accompanying [s]tatement of [u]ndisputed [m]aterial [f]acts." Thus, the motion judge properly granted summary judgment based on plaintiff's failure to meet her burden in opposing summary judgment by providing sufficient evidence of genuine issues of material fact in support of her employment discrimination claims. By accepting defendants' facts, plaintiff certified there was no dispute.

Additionally, plaintiff's merits brief omitted "[a] concise statement of facts material to the issues on appeal supported by references to the appendix . . ." Rule 2:6-2(a)(5). The statement of facts in plaintiff's appellate brief is devoid of any citation to her appendix. Without proper citation to the record, our review of the issues raised in plaintiff's appeal is hampered. We recognize plaintiff is self-represented on appeal. However, plaintiff is held to the same standard for compliance with our court rules as attorneys. Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982).

We also note plaintiff's appendix includes documents without indicating whether the documents were presented to the motion judge. We cannot properly exercise appellate review where a party appealing from a summary judgment order fails to provide a complete and accurate record of the material presented to the motion judge. See Noren v. Heartland Payment Sys., Inc., 449 N.J. Super. 193, 195-96 (App. Div. 2017) (denying reconsideration on a summary judgment motion because the party did not "submit the items that had been submitted to the trial court on the summary judgment motion or even a statement of the items submitted").

Despite these procedural deficiencies, we elect to review plaintiff's appeal arguments on the merits.

We begin with plaintiff's hostile work environment claim. To prevail on such a cause of action under the NJLAD, a plaintiff must establish the conduct "(1) would not have occurred but for the employee's protected status, and was (2) severe or pervasive enough to make a (3) reasonable person believe that (4) the conditions of employment have been altered and that the working environment is hostile or abusive." Shepherd v. Hunterdon Developmental Ctr., 174 N.J. 1, 24 (2002) (citing Lehmann v. Toys 'R' Us, Inc., 132 N.J. 587, 603-04 (1993)).

A-2211-19

Plaintiff failed to proffer competent evidence in support of her hostile work environment claim. We are satisfied DCF's conduct was not severe and pervasive such that the conditions of her employment were altered. Plaintiff continued to work the same hours, at the same salary, and with the same flexibility, allowing her time off from work to accommodate her health needs. Further, DCF accommodated plaintiff's needs and considered the recommendation of her doctor when it maintained her existing assignment because her current job position was less stressful and more flexible than the unit to which plaintiff sought to be transferred.

We next address plaintiff's retaliation claim. To prevail on a retaliation claim, a plaintiff must show "(1) [plaintiff] engaged in protected activity; (2) the activity was known to the employer; (3) plaintiff suffered an adverse employment decision; and (4) there existed a causal link between the protected activity and the adverse employment action." Young v. Hobart West Grp., 385 N.J. Super. 448, 465 (App. Div. 2005) (citing Craig v. Suburban Cablevision, 140 N.J. 623, 629-30 (1995)).

To constitute an adverse employment action, "retaliatory conduct must affect adversely the terms, conditions, or privileges of the plaintiff's employment or limit, segregate or classify the plaintiff in a way which would

tend to deprive her of employment opportunities or otherwise affect her status as an employee." Richter v. Oakland Bd. of Edu., 459 N.J. Super. 400, 417 (App. Div. 2019) (quoting Marrero v. Camden Cty. Bd. of Soc. Servs., 164 F. Supp. 2d. 455, 473 (D.N.J. 2001)). Ultimately, the action must "rise above something that makes an employee unhappy, resentful[,] or otherwise cause an incidental workplace dissatisfaction." Id. at 418 (quoting Victor v. State, 401 N.J. Super. 596, 616 (App. Div. 2008)).

On this record, we are satisfied plaintiff failed to proffer competent evidence in support of her retaliation claim. There was no evidence plaintiff suffered any adverse employment decision by DCF. To the contrary, plaintiff continued to work at DCF at the same salary, with the same work hours, and in the same unit as she had prior to filing litigation. Plaintiff's dissatisfaction with her DCF co-workers and supervisors does not support a claim for retaliation.

Even assuming there was an adverse employment decision by DCF, plaintiff offered no evidence of a causal connection between the alleged protected activity and the adverse employment action necessary to prevail on her retaliation claim. See Young, 385 N.J. Super. at 467 (quoting Krouse v. Am. Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997)) ("[T]he mere fact that [an] adverse employment action occurs after [the protected activity] will ordinarily

be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two.").

While plaintiff was upset FEMA did not hire her, the failure to be hired by FEMA was insufficient to prove causation in support of a retaliation claim. There was no evidence statements by DCF employees to the FEMA investigator were causally related to any adverse employment decision and, but for those statements, plaintiff would have received a job with FEMA. Although plaintiff was displeased by defendants' statements to the FEMA investigator and the ultimate denial of her employment with FEMA, she failed to present evidence of any retaliatory intent to prevail on her claim.

Plaintiff's contention defendants improperly told the FEMA investigator about certain incidents, specifically concerning her purported credit card fraud and Medicaid fraud investigation and denial of plaintiff's request to serve as a foster parent, cannot be considered on appeal because plaintiff never raised these arguments before the motion judge. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959) ("It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is

available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'")).

Regarding plaintiff's aiding and abetting claim, the NJLAD imposes individual liability on "any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."  N.J.S.A. 10:5-12(e).  For liability to attach under a claim for aiding and abetting, a plaintiff must show:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.
>
> [Tarr v. Ciasulli, 181 N.J. 70, 84 (2004) (quoting Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 127 (3d Cir. 1999)).]

In determining whether an individual has provided "substantial assistance," judges should consider "(1) the nature of the act encouraged, (2) the amount of assistance given by the supervisor, (3) whether the supervisor was present at the time of the asserted harassment, (4) the supervisor's relations to the others, and (5) the state of mind of the supervisor."  Ibid. (citing Hurley, 174 F.3d at 127 n.27).

13

McCoy was the only DCF employee served with the complaint. We are satisfied the judge correctly concluded plaintiff "offered nothing more than mere allegations" in support of her aiding and abetting claim and presented no evidence McCoy had any role regarding plaintiff's request for a handicap parking spot or transfer to another job position. Moreover, because we concur with the judge's determination defendants did not engage in discriminatory conduct under the NJLAD, plaintiff's aiding and abetting claims necessarily fails.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2211-19