**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1392-24

MARGARET GRANT,

    Plaintiff-Respondent,

v.

GLENVILLE LOPEZ GRANT,

    Defendant-Appellant.

_____

Submitted December 10, 2025 – Decided December 19, 2025

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0925-24.

James E. Young, Jr., attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

    Defendant Glenville Lopez Grant appeals from a December 6, 2024, Family Part order denying a post-judgment motion seeking an evidentiary

hearing to determine equitable distribution of real property in connection with the parties' divorce. Based on our review of the limited record presented on appeal, we affirm.

I.

We recount the facts from the limited record before us. In October 2023, plaintiff Margaret Angella Grant filed a complaint seeking a final judgment of divorce (FJOD) and adjudicating her rights to certain enumerated assets. Plaintiff's complaint sought a declaration:

> That [p]laintiff owns the marital residence located [in] . . . Newark, New Jersey, 07106, valued at $305,000.00 [(the Property)].
>
> That [p]laintiff shall continue to reside at the above-mentioned marital residence.
>
> That [p]laintiff shall have the rights of title and ownership to the marital residence.
>
> That both [p]laintiff and [d]efendant shall waive all claims to the other's 401K.

Defendant did not file an answer. Plaintiff subsequently filed a notice of proposed FJOD pursuant to Rule 5:5-10, which mirrored the relief sought in the complaint (the Notice). The Notice served on defendant stated that a hearing was scheduled for the court to consider entry of the FJOD on April 15, 2024, between "8:30am-4:30pm" at "Clerk of the Superior Court, Robert N.

2

Wilentz Court Complex, 212 Washington Street, Newark, New Jersey 07102" in Essex County.

On April 11, defense counsel submitted a letter to the court dated April 9, entering his appearance and asserting: "I hereby object to the entry of the proposed form of judgment. There is property subject to equitable distribution." Neither counsel nor defendant appeared at the April 15 hearing to substantively contest the entry of the FJOD. That same day, the default FJOD was entered without any equitable distribution of marital assets. The FJOD order states the matter was "heard" in the presence of plaintiff, who appeared self-represented, and defendant did not appear.

Thereafter, defendant's attorney filed a post-judgment motion for a hearing to determine whether the Property is a marital asset subject to equitable distribution. On August 6, the judge denied defendant's motion in an order accompanied by a written statement of reasons. After recounting the statutory factors under N.J.S.A. 2A:34-23.1,[1] the judge found defendant "provide[d] absolutely no evidence that th[e] [P]roperty is subject to equitable distribution." Accordingly, the judge denied defendant's motion without prejudice.

---

[1] N.J.S.A. 2A:34-23.1 provides a non-exhaustive list of sixteen factors to be considered when making an equitable distribution determination.

A-1392-24

On December 6, 2024, defense counsel refiled the motion. At oral argument, defense counsel confirmed that the only difference between his prior motion and his renewed motion was submission of "the deed to the . . . [P]roperty showing that the deed is dated March 29, 2021, therefore, during the . . . marri[age]." The judge found the deed demonstrated plaintiff acquired the Property with her son from another relationship and that defendant did not provide any evidence to corroborate his purported payment of $5,000 towards purchase of the Property.

A different judge denied defendant's renewed motion, reasoning the objection filed only days before the April 15 hearing was "exceedingly nonspecific" and did not provide any factual or legal predicate to grant defendant relief. The judge stated defendant failed to identify the substantive basis of his objection to the entry of the FJOD and then failed to appear to articulate his position at the hearing. Therefore, the judge concluded defendant waived his right to seek equitable distribution under N.J.S.A. 2A:34-23.1.

In reasoning defendant did not provide any legal or factual basis upon which post-judgment relief could be granted, the judge stated:

> It's not as if this was hidden or not told to the trial judge at the time of the divorce case. In fact, it was expressly dealt with in the notice of equitable

distribution filed by . . . plaintiff [where] she took the position that it wasn't a marital asset.

And the defendant has set forth no basis under Rule 4:50-1 or otherwise for what the [c]ourt views as a collateral attack on the judgment of divorce with regard to if . . . [the] [P]roperty. . . should have been distributed. . . .

In addition, defendant's simple statement of his contribution. . . [of] $5,000 toward the [P]roperty as a down payment isn't supported by any documentation to show a check, a transfer of money or anything else to demonstrate that.

On appeal, defendant argues for the first time that the Notice plaintiff provided for the FJOD was deficient and denied him due process. He also contends that because he objected before the scheduled April 15 hearing, the trial court erred in finding he had waived his right to seek equitable distribution of the Property under N.J.S.A. 2A:34-23.1. Defendant posits that he is entitled to a hearing as to equitable distribution of the Property.

II.

We begin by recognizing the record is devoid of any court rule or legal authority proffered by defendant to the Family Part in support of his post-judgment motion. Because the judge referenced Rule 4:50-1 in his ruling and based on the arguments in defendant's merits brief, we infer defendant sought relief under Rule 4:50-1. See Couri v. Gardner, 173 N.J. 328, 340 (2002)

(stating "[i]t is not the label placed on the action that is pivotal but the nature of the legal inquiry").

We review the denial of a motion to alter or amend a judgment under Rule 4:50-1 for an abuse of discretion. 257-261 20th Ave. v. Roberto, 259 N.J. 417, 436 (2025). "A court abuses its discretion 'when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 262 (App. Div. 2024) (quoting Mims v. City of Gloucester, 479 N.J. Super. 1, 5 (App. Div. 2024)).

The burden is on the party challenging the trial court's decision. Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024). Rule 2:5-4(a) states "[t]he record on appeal shall consist of all papers on file in the court . . . with all entries as to matters made on the records of such courts." See also R. 2:6-1(a)(1)(I) (stating the appendix must contain parts of the record "essential to the proper consideration of the issues").

## III.

Based on the sparse legal and factual record before us, we conclude the judge did not abuse his discretion in finding defendant failed to prove he was entitled to a plenary hearing regarding equitable distribution of the Property.

Our ability to properly exercise our appellate function is hampered where the appealing party does not provide the complete record and legal argument supporting its position. See, e.g., Noren v. Heartland Payment Sys., Inc., 449 N.J. Super. 193, 195-96 (App. Div. 2017) (denying appellate relief where the party failed to "submit the items that had been submitted to the trial court on the summary judgment motion or even a statement of the items submitted," preventing us from reviewing "the original summary judgment motion"); Weiss v. Cedar Park Cemetery, 240 N.J. Super. 86, 102 (App. Div. 1990) (finding dismissal was required because appellants did not "adequately brief the issues"); State v. Hild, 148 N.J. Super. 294, 296 (App. Div. 1977) (explaining it is the appellant's responsibility to provide the facts, record, and legal argument that flows from the facts to allow an independent assessment of the merits of an appeal).

Defendant has not specified which, if any, subsection of Rule 4:50-1 he relied upon to seek relief from the trial court. The record lacks indication defendant or his attorney undertook efforts to attend the April 15 hearing by ascertaining the precise time of the hearing or the judge assigned to handle the hearing. Defendant's merits brief is equally devoid of any legal authority establishing the Property was subject to equitable distribution. Rather, it appears the only evidence presented to the Family Part judge was an

uncertified copy of a deed to the Property showing plaintiff and her son as the owners and defendant's uncorroborated assertion that he paid $5,000 toward the purchase price.

Likewise, "we are not 'obliged to attempt review of an issue when the relevant portions of the record are not included.'" State v. D.F.W., 468 N.J. Super. 422, 447 (App. Div. 2021) (quoting Cmty. Hosp. Grp. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005)). Defendant failed to provide us with those parts of the record "essential to the proper consideration of the issues." R. 2:6-1(a)(1)(I); see also Soc'y Hill Condo. Ass'n v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177 (App. Div. 2002) (stating the failure to include the notice that the defendants challenged on appeal rendered appellate review impossible). Thus, "[w]ithout the necessary documents . . . we have no alternative but to affirm." See Soc'y Hill, 347 N.J. Super. at 177-78.

Presuming there was a hearing on the default FJOD on April 15, 2024, defendant did not provide the transcript of the hearing to allow our review of the judge's reasons for entering the default FJOD predicated on the Notice. Nor is there any evidence defendant provided that transcript or any other documents to the trial court in support of his request for post-judgment relief.

Accordingly, on the limited record provided on appeal, we conclude defendant has not established the judge erred, particularly here, where defendant asserts new arguments without legal support and fails to evidence any entitlement to relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9                    A-1392-24